365 So.2d 1063 (1979)
Gregory PAUL, Appellant,
v.
STATE of Florida, Appellee.
No. II-138.
District Court of Appeal of Florida, First District.
January 3, 1979.
Michael J. Minerva, Public Defender, Michael M. Corin and Louis G. Carres, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is an appeal from judgments of conviction entered on jury verdicts finding the appellant guilty: (1) As to victim # 1 (case # 77-425), of attempted sexual battery and *1064 threatening to use force or violence likely to cause serious personal injury; (2) As to victim # 2 (case # 77-560), of sexual battery and threatening to use force or violence likely to cause serious personal injury. Sentences were imposed of ten years on offense (1) and twenty-five years on offense (2), the sentences to run concurrently. As to victim # 3, the jury returned a verdict of not guilty on charges of battery and attempted sexual battery.
The question presented is whether the trial court abused its discretion in granting, over the appellant's objection, the State's motion for consolidation for trial of the charges as to all three victims. The charges as to victims 2 and 3 were joined in a single information, without objection.
Florida Rules of Criminal Procedure, Rule 3.151, states the basic guidelines for consolidation for trial of offenses charged in two or more informations, as follows:
"(a) For purposes of these Rules, two or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on two or more connected acts or transactions.
(b) Two or more indictments or informations charging related offenses shall be consolidated for trial on a timely motion by a defendant or by the state.[[1]] The procedure thereafter shall be the same as if the prosecution were under a single indictment or information ..." (e.s.)
The trial court has discretion as to whether a motion for consolidation made in accordance with the foregoing rule shall be granted. The general rule is stated as follows:[2]
"In any case, the propriety of trying together several indictments or informations against the same accused over his objection rests in the sound discretion of the trial court, which has the obligation to safeguard not only the rights of the government but also of the accused and to see that such rights are not jeopardized ..."
In Ashley v. State, 265 So.2d 685, 688 (Fla. 1972), the Florida Supreme Court held:
"It is well recognized that the consolidation for trial of criminal cases rests within the sound discretion of the trial court. Baker v. Rowe, 102 Fla. 622, 136 So. 681; Hall v. State (Fla.) 66 So.2d 863.."
This Court in Blackwelder v. State, 100 So.2d 834 (Fla. 1st DCA 1958) held:
"Trial judges have discretionary power to order consolidation of criminal cases involving two or more informations relating to similar or connected offenses. Hall v. State, Fla., 66 So.2d 863 . ."
Factors properly considered in ruling on a motion to consolidate include, but are not limited to, similarity of facts and issues, factors indicating a common scheme or a continuing course of conduct under a single plan or that the offenses grew out of the same chain of circumstances.[3] The party objecting to the consolidation must show prejudice resulting from the granting of the motion.
Here, the motion of the State for consolidation demonstrated that the informations charged related acts and we find no abuse of discretion in granting that motion. We note that each of the three crimes was committed at approximately 5 a.m. on a Saturday morning on an upper floor of a girls' dormitory; that the assailant waited for each victim inside or in the immediate vicinity of the dormitory shower room and that his threats and actions toward each victim bore significant similarities. These circumstances, stated in the State's motion were sufficient to indicate a common plan and perpetrator connecting the offenses.
Victim # 1 was attacked on April 9 in McGuinn Hall on the FAMU campus as she was leaving the shower room. By April 12, appellant was a suspect and he was arrested *1065 April 14. Local law enforcement officials were unaware that appellant was on 10-year probation for aggravated battery committed in another part of the state, and he was admitted to bail. On May 14, while appellant was out on bond, and released from custody, victims # 2 and # 3 were attacked on the FSU campus in shower room areas in DeGraff and Gilchrist dormitories, respectively. Six days later, on May 20, victim # 2 identified appellant as her assailant, picking him out of a group of people at a presentation at the FAMU campus auditorium. Appellant was arrested the following day. In addition to their independent identifications of appellant prior to trial, victims # 1 and # 2 testified at trial and each withstood cross-examination without significant impeachment as to the identity of the assailant.
Victim # 3 was never able to identify her assailant other than by general description and clothing worn. The jury found this evidence insufficient and acquitted appellant of the charges in connection with victim # 3.
No contention is made here that the evidence was insufficient to support the convictions, or that any error, other than consolidation, occurred at trial. Nevertheless, we have reviewed the transcript and record in this case and find that the case was well and fairly tried, with the evidence overwhelmingly supporting the verdicts of the jury.
The other point on appeal is the alleged abuse of discretion by the trial court in failing to certify appellant for examination and hearing pursuant to Florida Statute Chapter 917 as a mentally disordered sex offender. No effort was made by appellant to establish the criteria of § 917.13(1) and we find no abuse of discretion in the trial court's ruling on this point.
Accordingly, the judgments below are AFFIRMED.
BOYER, Acting C.J., and BOOTH, J., concur.
SMITH, J., dissents.
SMITH, Judge, dissenting:
Paul appeals from convictions in the Circuit Court of Leon County on information No. 77-425, charging attempted sexual battery by vaginal or anal rape of a young woman resident of a Florida A & M dormitory early in the morning of April 9, 1977, and on count one of information No. 77-560, charging sexual battery by vaginal and anal rape of another young woman resident of a Florida State University dormitory about 5:00 a.m. on May 14, 1977. Counts two and three of No. 77-560 charged attempted sexual battery and battery of still another young woman visitor to another Florida State dormitory on the same early morning, May 14, 1977; and on counts two and three, lacking positive identification testimony, the jury acquitted Paul.
The informations were consolidated for trial on motion of the State, over objection by the defendant. There is no question here of the propriety of charging and trying together, in Case No. 77-560, the sexual offenses committed within an hour on different victims in nearby FSU dormitories. At issue is the propriety of consolidating Paul's trial for a sexual offense committed on April 9 with those committed May 14. I dissent from the court's decision which apparently holds that consolidation was authorized by Fla.R.Crim.P. 3.151.
Rule 3.151(b) provides that two or more informations "charging related offenses" shall be consolidated on motion. Subsection (a) defines "related offenses" as those which are triable in the same court and are "based on the same act or transaction or on two or more connected acts or transactions." In my view the charges of sexual offenses committed on April 9 and on May 14 were not based "on the same act or transaction" or on "two or more connected acts or transactions."
I conceive that consolidation rule 3.151 and its counterpart, joinder rule 3.150, refer to "connected acts or transactions" in an episodic sense, and that the rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, *1066 separated in time, which are "connected" only by similar circumstances and the accused's alleged guilt in both or all instances. Contrast Hall v. State, 66 So.2d 863 (Fla. 1953).
Had Paul been charged and tried on either the April 9 or the May 14 offense, evidence of the other would not in my opinion have been admissible. See Smith v. State, 365 So.2d 704 (Fla. 1978), construing Williams v. State, 110 So.2d 654 (Fla. 1959). It is true that the April 9 and May 14 offenses were similar to each other and to most such offenses: the assailant loitered in a deserted place; he threatened injury or death; he attempted to conceal his identity; he took flight when a witness appeared. The offenses were more particularly similar in that they were committed in female college dormitories in the same city during the early morning hours. But for Williams-rule purposes those similarities did not place a hallmark upon the offenses, independently proclaiming them as of the same design and so likely committed by the same person. See Dodson v. State, 334 So.2d 305, 307 (Fla. 1st DCA 1976), and McCormick, Law of Evidence § 190 at 449 (1972). Absent that relevance, the identifying testimony of the April 9 victim, in a trial on the May 14 offense alone, could not corroborate the identifying testimony of the May 14 victim or otherwise serve except to suggest the propensity of the accused to commit rape. As we stated in Dodson, 334 So.2d at 306, no one can doubt that a jury would find a "rational relationship between the prior event and the present hypothesis of guilt"; jurors, like the rest of us, are susceptible to the reasoning that, given two like offenses, one who did it before is capable of doing it again. But collateral evidence serving that argument alone is inadmissible, not because we suppose it irrelevant in a general sense, but because its introduction not so subtly invites conviction of the specifically charged offense on account of the cumulative probabilities of the accused's guilt of that and the collateral offense.
Whether or not evidence of the April 9 offense would have been Williams-admissible upon a separate trial for the May 14 offense, the joint trial of the two unconnected charges assured that each charge was featured in the trial of the other  a prejudicial result which we strive to avoid in a pure Williams-type trial. Here, the accused suffered no procedural embarrassment such as forfeiture of closing argument by introducing defensive evidence on one charge but not the other. But the more important purpose of requiring separate trials on unconnected charges is to assure that evidence adduced on one charge will not be misused to dispel doubts on the other, and so effect a mutual contamination of the jury's consideration of each distinct charge. When as here the accuracy of an identification witness is critical in each unconnected case, their identifications will be regarded as mutually supportive although they are not mutually corroborative in law or in fact. The support that each identification lends to the other enables the prosecution to try the accused on a theory of cumulative guilt. The prosecutor's last words to the jury in this case were:
If you can come out here and explain to us how ____ ____ (victim on April 9) and ____ ____ (victim on May 14) both could be mistaken in this case and neither one of them know each other or never talked to each other or nothing else, fine. If not, I will expect you to return a verdict of guilty as charged in this case.
I take it that the Supreme Court, promulgating Rule 3.151, chose carefully the words "based on the same act or transaction or on two or more connected acts or transactions." The Court did not authorize joinder for trial of all an accused's offenses, or of all his "similar offenses," whether or not based on "connected acts or transactions." Contrast Fed.R.Cr.P. 8(a), which authorizes joinder in the same indictment of offenses which are "of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan" (emphasis added). See also Fed.R.Cr.P. 13, authorizing joint *1067 trial of indictments charging offenses that might properly have been joined in a single indictment; and Fed.R.Cr.P. 14, providing severance relief from prejudicial joinder. The marked difference between Florida rule 3.151 and federal rule 8(a) surely demonstrates that there is a difference between "similar" offenses and "connected" offenses, and that in Florida "similarity" does not warrant a joint trial. If that were not clear enough from the rule texts, it is made abundantly clear by federal decisions which, despite federal rule 8(a), hold that properly joined charges must be severed for trial if the evidentiary "similarity" of offenses is not such as to satisfy the "so-called `handiwork' or `signature' exception to the other crimes [exclusionary] rule." E.g., United States v. Foutz, 540 F.2d 733, 737 (4th Cir.1976). See also ABA Standards, Joinder and Severance, Sections 1.1 and 2.2(a) (1968), which permit liberal joinder of offenses in an information but require severance for trial of offenses joined "solely on the ground that they are of the same or similar character." There being no showing of the requisite "connected acts or transactions," I would reverse the convictions for new and separate trials.
NOTES
[1] The underscored words were added by amendment effective July 1, 1977.
[2] 59 ALR2d 841, 845.
[3] Id. at 855, 856.