385 So.2d 1371 (1980)
Gregory PAUL, Petitioner,
v.
STATE of Florida, Respondent.
No. 56140.
Supreme Court of Florida.
July 3, 1980.
*1372 Louis G. Carres, Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Richard W. Prospect and Doris E. Jenkins, Asst. Attys. Gen., Tallahassee, for respondent.
ENGLAND, Justice.
We here review a decision of the First District Court of Appeal[1] construing Rule 3.151 of the Florida Rules of Criminal Procedure, which governs the consolidation of related offenses. The district court upheld the trial court's order allowing the pretrial consolidation of three alleged sexual offenses, the first of which occurred approximately one month before the others. Paul seeks review of that decision on the ground that the alleged offenses, though similar in nature, were not "related" within the contemplation of Rule 3.151 and the relevant case law.
In effect, the district court's interpretation of Rule 3.151 permits the consolidation of similar offenses which are unrelated in terms of time or sequence. We reverse, and adopt as our opinion Judge Smith's well reasoned dissent in the case below insofar as it relates to Rule 3.151 and the consolidation of related offenses. We make no comment on that portion of Judge Smith's dissent which discusses the so-called "Williams Rule" Williams v. State, 110 So.2d 654 (Fla. 1959) of admissibility.[2]
The decision of the First District Court of Appeal is quashed and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.
ADKINS, J., dissents.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
Since the district court's decision in the present case does not conflict with any decision of a district court of appeal or this Court, we are without jurisdiction to consider the merits of this cause. The district court addressed the issue of whether the trial court had abused its discretion in granting the State's motion for consolidation in light of the particular facts of this case. It properly did not consider whether it would have reached a different result if it were initially deciding the question. Applying the correct principles of law, the district court decided that the trial court did not abuse its discretion. By accepting jurisdiction and quashing the decision of the district court, the majority is merely substituting its judgment for that of the trial court and the district court of appeal.
Because we are without jurisdiction in this matter, I would deny certiorari.
NOTES
[1] Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979).
[2] See id. at 1066.