395 So.2d 1219 (1981)
Eric MACKLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-11.
District Court of Appeal of Florida, Third District.
March 24, 1981.
*1220 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The multiple offenses with which Macklin was charged in a single information and upon which he was brought to trial arose out of two separate criminal episodes[1] which occurred five days apart, at locations less than one block apart, and had in common the ultimate object of robbing taxicab drivers who in both instances had been dispatched to the area by a prior phone call. Macklin's primary contention is that the offenses arising out of the first episode on January 29, 1977, were misjoined with the offenses arising out of the second episode on February 2, 1977. We agree and reverse.
The offenses of January 29, 1977, were not "acts or transactions" connected to the offenses of February 2, 1977. Paul v. State, 385 So.2d 1371 (Fla. 1980), partially adopting the dissenting opinion of Judge Smith in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979).[2] The sameness of the location and the fact that the offenses on these separate dates were both taxicab holdups create, at most, a similarity in circumstances which does not justify joinder under Florida Rule of Criminal Procedure 3.150(a).[3]Compare Johnson v. State, 222 So.2d 191 (Fla. 1969); Hall v. State, 66 So.2d 863 (Fla. 1953), cert. denied, 346 U.S. 931, 74 S.Ct. 321, 98 L.Ed. 422 (1954); Moore v. State, 259 So.2d 179 (Fla. 3d DCA 1972). Where joinder is improper under Florida Rule of Criminal Procedure 3.150(a), upon timely motion under Florida Rule of Criminal Procedure 3.152(a)(1), severance is mandatory, see Tyson v. State, 379 So.2d 1321 (Fla. 1st DCA 1980); accord, United States v. Marionneaux, 514 F.2d 1244 (5th Cir.1975); Tillman v. United States, 406 F.2d 930 *1221 (5th Cir.), cert. denied, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969) (construing the Federal counterpart, Federal Rule of Criminal Procedure 8, as mandatorily requiring severance in the case of misjoinder), as prejudice is conclusively presumed. Paul v. State, 385 So.2d 1371 (Fla. 1980); Tyson v. State, supra; United States v. Marionneaux, supra; compare Fla.R.Cr.P. 3.152(a)(2) [providing for severance of properly joined offenses if prejudice is shown and giving the trial court discretion to make this determination, see, e.g., Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976), cert. denied, 431 U.S. 968, 97 S.Ct. 2926, 53 L.Ed.2d 1064 (1977)].[4]
Ordinarily, it would be unnecessary to consider Macklin's other points on appeal. However, since this case must be retried, we note that a substantial amount of the evidence introduced by the State concerned a taxicab holdup which occurred on February 12, 1977, an "offense" for which Macklin was not on trial. Assuming, but not deciding, that there was sufficient similarity between the collateral crime of February 12, 1977, and the crimes for which Macklin was on trial, but see Bradley v. State, 378 So.2d 870 (Fla. 2d DCA 1979); Davis v. State, 376 So.2d 1198 (Fla. 2d DCA 1979); Henry v. State, 356 So.2d 61 (Fla. 4th DCA 1978), we consider Macklin's involvement in the criminal episode of February 12, 1977, to have become a feature not an incident of his trial in violation of the caveat in Williams v. State, 117 So.2d 473 (Fla. 1960)[5]; accord, Ashley v. State, 265 So.2d 685 (Fla. 1972), so as to deprive him of a fair trial. Matthews v. State, 366 So.2d 170 (Fla. 3d DCA 1979); Smith v. State, 344 So.2d 915 (Fla. 1st DCA 1977); Banks v. State, 298 So.2d 543 (Fla. 1st DCA 1974).
We reverse the convictions and order new trials, with the offenses contained in Counts I, VI, VII, and VIII to be tried separately from the offenses contained in Counts XI, XVI, and XVII.
Reversed and remanded with directions.
NOTES
[1] Macklin was accused and convicted of burglary of a conveyance, robbery, possession of a firearm during the commission of a felony, and kidnapping as a result of a taxicab holdup on January 29, 1977 (Counts I, VI, VII, and VIII, respectively, renumbered on the verdict form as Counts I through IV). He was accused and convicted of burglary of a conveyance, attempted robbery, and possession of a firearm during the commission of a felony as a result of an aborted taxicab holdup on February 2, 1977 (Counts XI, XVI, and XVII, respectively, renumbered on the verdict form as Counts VI through VIII). He was found not guilty of carrying a concealed firearm (Count X, renumbered on the verdict form as Count V). He pleaded guilty to Count XXIV, a separate robbery, and was sentenced to life on that count. All other counts were dismissed at the State's request.
[2] Paul v. State involved a construction of Florida Rule of Criminal Procedure 3.151(a), which allows for consolidation of charges based, inter alia, on "two or more connected acts or transactions." As Judge Smith's dissent correctly points out, there is no difference between Rule 3.150(a) and Rule 3.151(a), insofar as the meaning to be given to "connected acts or transactions." In short, if offenses cannot be joined, they cannot be consolidated; and if they cannot be consolidated, they cannot be joined.
[3] Even under Federal Rule of Criminal Procedure 8(a), which unlike Florida Rule of Criminal Procedure 3.150(a) authorizes the joinder of "similar" offenses, the similarity required is that the offenses must be so alike as to constitute a hallmark or signature of the perpetrator. See, e.g., United States v. Foutz, 540 F.2d 733, 737 (4th Cir.1976). Here the offenses on January 29, 1977, were allegedly committed by the defendant and two others, with one of the defendant's confederates armed with a shotgun. The offenses on February 2, 1977, were allegedly committed by the defendant alone, armed with a rifle. Moreover, the sameness of location is of tenuous similarity, since the location is in the heart of a high crime area in the City of Miami. See Henry v. State, 356 So.2d 61 (Fla. 4th DCA 1978).
[4] The overwhelming majority of the Federal circuit courts of appeal have held that a misjoinder under Rule 8 cannot be treated as harmless error. See cases collected in United States v. Graci, 504 F.2d 411, 413 (3d Cir.1974). As is pointed out in United States v. Park, 531 F.2d 754, 760 n. 3 (5th Cir.1976), some courts have confused the issue of misjoinder with the issue of prejudicial joinder of properly joined offenses.
[5] The caveat in Williams is that the inquiry concerning the similar crime must be an incident not a feature of the trial "... for the very good reason that in a criminal prosecution such procedure devolves from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant whose character is insulated from attack unless he introduces the subject." 177 So.2d at 475 476.