405 So.2d 479 (1981)
Emanuel McMULLEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1972.
District Court of Appeal of Florida, Third District.
November 2, 1981.
Bennett H. Brummer, Public Defender and Lawrence Besser, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and SCHWARTZ, JJ.

*480 ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of appellant's motion for rehearing and further review of the record in this cause, we withdraw the decision filed June 30, 1981, and substitute the following opinion in lieu thereof.
Emanuel McMullen was charged in a single information with twenty counts of robbery arising from five separate criminal episodes. The five robberies, four of which involved well known fast food restaurants, all occurred between December 18, 1978 and December 27, 1978. Prior to trial the court denied McMullen's motion to sever the offenses. Following his acquittal on six of the counts and his conviction on the remaining counts, McMullen filed this appeal challenging the denial of his motion to sever. We reverse.
Rule 3.150 of the Florida Rules of Criminal Procedure, entitled "Joinder of Offenses and Defendants," provides in pertinent part:
(a) Joinder of Offenses. Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on two or more connected acts or transactions. [e.s.]
We find that the five separate robberies charged in the information were misjoined since the offenses were not "based on the same act or transaction..." in either an episodic or temporal sense. See Paul v. State, 385 So.2d 1371 (Fla. 1980), partially adopting the dissenting opinion of Judge Smith in Paul v. State, 365 So.2d 1063 (Fla.1st DCA 1979). The similarity in circumstances resulting from the fact that the robberies all took place in the northwest quadrant of Dade County within a nine day period, and that four of the five robberies involved fast food restaurants, does not warrant joinder under Rule 3.150(a). See Macklin v. State, 395 So.2d 1219 (Fla.3d DCA 1981) (joinder of two separate criminal episodes involving taxicab holdups five days apart at locations less than one block apart where both cab drivers were dispatched to the area by a prior phone call was improper).
Where offenses are improperly joined in one information, severance is mandatory upon timely motion, Fla.R.Crim.P. 3.152(a)(1), since prejudice is conclusively presumed. Macklin v. State, supra. Inasmuch as McMullen timely moved to disjoin the five robberies, severance was required.
Our determination that McMullen must be retried separately for each of the offenses makes it unnecessary to consider the other point on appeal which argues a denial of due process of law because the trial court limited defense counsel to a total of thirty minutes on closing argument for all five robberies.
Reversed and remanded for further proceedings not inconsistent with this opinion.