408 So.2d 1086 (1982)
Roger Lee GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1983.
District Court of Appeal of Florida, Fourth District.
January 20, 1982.
*1087 Zebedee W. Wright, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark Horn, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant, Roger Lee Green, was indicted for the first degree murder of Gregory Woods and for the aggravated assault of Marie Parillo. He was tried before a jury and convicted on both the counts. He appeals his conviction and asserts as error the trial court's failure to grant his motion to sever the trial of the first degree murder count from that of the charge for aggravated assault upon Marie Parillo; that the verdict finding him guilty of first degree murder is based solely upon circumstantial evidence and is insufficient as a matter of law; and that the court erred in failing to either grant his motion to strike or alternatively a mistrial because three or four members of the jury, during a view of the scene of the crime, went outside the area permitted for the view.
Marie Parillo, the victim of the aggravated assault, was returning to her hotel room at about 8:30 P.M. on January 26, 1980. As she drove her car into the parking lot, she observed another automobile with its engine running. A man was standing by the car and appeared startled when Parillo entered the parking lot. Parillo says that she saw him following a short elderly man who had gray pants and a light shirt. She parked her car and sat there because she was afraid to get out. When appellant got back into his car, Parillo decided to get out of her car. As she walked past his car to get to the door of the motel, she heard someone say, "Hey" or "Lady" or "Hold it," and when she turned around there was a gun pointed at her head. She looked at him, screamed very loudly, grabbed open the door and ran down the hall and upstairs to her room. She stated that she was in fear of her life.
Parillo testified that when she entered the lot, there was no one in the parking lot other than the appellant and the elderly man that was killed. Ms. Parillo positively identified the appellant, both at the lineup and in court as the person who held the gun to her head. She identified his clothing and identified his automobile. The witness, Kleffman, testified that he was in his room at about 8:30 P.M. when he heard a woman scream. Five to ten seconds later he heard a shot. He went to the parking lot and observed the driver's door open with a body lying by the car. Appellant asserted an alibi as his defense and presented a witness who testified that he was home at the time the shooting occurred. The murder case is based wholly on circumstantial evidence. The assault case is based upon direct evidence.
Appellant contends his motion to sever should have been granted because the offenses were improperly charged in a single indictment, or alternatively, to promote a fair determination of his guilt or innocence. Fla.R.Crim.P. 3.152(a)(1), (2).
Granting or denying a motion for severance is normally a discretionary matter for the trial court. The test on appeal is whether the trial court abused its discretion. Crum v. State, 398 So.2d 810 (Fla. 1981); Menendez v. State, 368 So.2d 1278 (Fla. 1979). The objective of fairly determining a defendant's innocence or guilt should have priority over other relevant considerations such as expense, efficiency and convenience. Crum, supra.
*1088 The offenses herein were properly charged in a single indictment because they were connected in an episodic sense; that is, they were part of the same criminal course of conduct and occurred within 10 seconds of each other. See Paul v. State, 385 So.2d 1371 (Fla. 1980), partially adopting Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979) (Smith, J., dissenting).
Appellant cites Kilgore v. State, 271 So.2d 148 (Fla.2d DCA 1972), for the proposition that where there might conceivably be cogent and compelling reasons inveighing against consolidation, a court should be chary in ordering a defendant to stand trial upon two joint felonies before the same jury. In Kilgore, the defendant was charged with second degree murder and with carrying a concealed firearm. He claimed self defense in the murder charge. The court stated that by consolidating these charges, the defendant was caught in an inescapable vise, for by taking the stand to lay the factual predicate for self defense, he was forced to virtually admit he was carrying a concealed weapon.
The same court distinguished Kilgore in a case where no such prejudice was shown. Rodgers v. State, 325 So.2d 48 (Fla.2d DCA 1975). Therein, the defendant was charged with nine different crimes in four separate informations. Notwithstanding that the offenses were committed against different victims, these offenses were properly joined in a single information because they occurred within a half hour period and were part of the same continuing criminal escapade.
Likewise, denial of a motion to sever a charge of first degree murder with a firearm from a charge of possession of a firearm by a convicted felon was proper where the evidence of possession was intertwined with and a part of the evidence of the act of shooting. Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981).
The appellant herein is not caught in an inescapable vise. His defense to the murder charge was alibi, which he attempted to establish by the testimony of other witnesses. Even if the charges had been severed, Ms. Parillo would still have been called as part of the evidence placing appellant at the scene at the time in question. Similarly, the alibi evidence presented in the murder case would have been equally effective in a separate trial for the aggravated assault which occurred within ten seconds of the murder, and so the appellant was no more compelled to take the stand to defend the aggravated assault charge than he was to take the stand to defend the murder charge. Where there is no doubt that even if the cases had been tried separately there would have been no difference in the state's evidence, the substantial rights of the defendant have not been injuriously affected and the judgment should not be reversed. Zeigler v. State, 402 So.2d 365 (Fla. 1981).
Appellant's contention that his conviction is based solely upon circumstantial evidence and that the evidence was insufficient as a matter of law is without merit.
It is well established that when the government relies on circumstantial evidence, the circumstances, when taken together, must be of a conclusive nature and tendency, leading, on the whole, to a reasonable and moral certainty that the accused and no one else committed the offense charged. It is not sufficient that the facts create a strong probability of and be consistent with, guilt. They must be inconsistent with innocence. Hall v. State, 90 Fla. 719, 107 So. 246 (1925). Circumstantial evidence must eliminate all reasonable hypothesis of innocence. Terzado v. State, 232 So.2d 232 (Fla. 4th DCA 1970).
In the present case, the appellant was identified by Marie Parillo as being the only other person in the parking lot other than the decedent, Gregory Woods. When Parillo was assaulted, she screamed and ran into the motel and according to the witness, Kleffman, it was only five to ten seconds after she screamed that he heard a shot and immediately thereafter observed a car with a body lying next to it. Parillo testified that when she first observed the appellant, he was following behind the decedent and *1089 appeared startled when he became aware of her presence and shortly thereafter assaulted her with a gun. Appellant's alibi defense was a question of fact for the jury to determine. Williams v. State, 206 So.2d 446 (Fla. 4th DCA 1968).
The test to be applied on a motion for judgment of acquittal and review of that denial is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather whether the jury might reasonably so conclude. Duran v. State, 301 So.2d 486 (Fla.3d DCA 1974). The jury, sub judice, concluded that appellant was the murderer. The evidence presented to the jury was sufficient as a matter of law.
Appellant asserts as his last point on appeal that the trial court erred when it failed to strike the jury's view or in the alternative, to grant a mistrial, because three or four of the jurors exceeded the scope of the jury view of the scene. There was an agreement between the State and the defense that the jurors would walk around the entire area of the motel but would not go into the motel building. Apparently several of the jurors went inside the motel building. Appellant asserts that he was prejudiced because the jurors exceeded the scope of their view of the scene. The trial court found no prejudice.
The crimes happened in the motel parking lot. The time sequences were based upon the testimony of witnesses not upon measured distances. There was nothing that occurred inside the motel that the jurors could have observed which would have been of any consequence.
Accordingly, the judgments and sentences of the trial court are affirmed.
LETTS, C.J., and HERSEY, J., concur.