WENTWORTH, Judge.
Williams appeals eleven convictions of theft and nine convictions of burglary entered after a consolidated jury trial. Because we find that the trial court erred in granting the state’s motion to consolidate pursuant to Fla.R.Crim.P. 3.151, the convictions are reversed and the case is remanded for separate trials.
Eleven separate informations were filed against appellant. Nine of them charged him with burglary and theft of nine different structures and victims on nine different days between November 18, 1981, and December 11, 1981. One of the other two informations charged appellant with theft of a pair of binoculars, and the other charged appellant with theft of a camera lens and a “tele-converter.” Both of the latter informations alleged that the offenses occurred on January 20, 1982, and named the same victim.
Eight of the first nine informations charged appellant along with a co-defendant named James Black. At the trial, Black testified that he and appellant committed the offenses charged in the first nine informations together. Appellant’s sister testified that she was living with appellant and became suspicious in the later part of 1981 because of property which appellant and Black were bringing into the home. One of the investigating officers testified that the binoculars, camera lens, and tele-converter were retrieved from appellant’s home.
The motion to consolidate was based on the state attorney’s assertions that the crimes were “a series of transactions as part of an overall scheme,” that there was a common modus operandi, and that there was a commonality of time and witnesses. The motion was granted without explanation. On the basis of Paul v. State, 385 So.2d 1371 (Fla.1980),[1] and its progeny, we reverse.
Reduced to its essentials, the holding in Paul is that Rule 3.151 does not permit joinder unless the offenses are based on “ ‘connected acts or transactions’ in an episodic sense, and that the rules do not warrant joinder or consolidation of criminal charges based on similar ... episodes, separated in time, which are ‘connected’ only by similar circumstances and the accused’s alleged guilt in ... all instances.” 365 So.2d 1063, at 1065, approved and adopted, 385 So.2d 1371, at 1372. By that reasoning, the fact that the offenses are very similar in nature[2] and even occur within a matter of days does not mean that they are “related” as that term is used in Rule 3.151. See McMullen v. State, 405 So.2d 479 (Fla. 3d DCA 1981). An example of a proper denial of severance of trial for two offenses which did arise out of the same episode is found in Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982), involving defendant’s convictions for murder of a man and for an assault on a woman in the same hotel parking lot and within a few seconds of the time of the murder. See also Davis v. State, 431 So.2d 325 (Fla. 3d DCA 1983). The offenses charged in the case before us apparently occurred on different days and involved different victims, none of whom were witnesses to any of the other offenses. We conclude that they are not related in the Paul sense.[3]
We recognize that strict adherence to Paul necessarily results in further imposition on our already overburdened trial *1016 courts. We are, however, bound by the decision until qualification or clarification by subsequent opinion. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). In addition, under the present terms of Rule 3.151 a determination that offenses such as those now in question are “related” may cause other difficulties, since the rule would arguably compel joinder of “related” offenses at defendant’s option. After defining related offenses, the rule provides:
(b) Two or more indictments or informa-tions charging related offenses shall be consolidated for trial on a timely motion by a defendant ... (e.s.)
Without any attempt to consider all ramifications of the rule, we recognize that judicial definition of related offenses for purposes of denying severance can certainly impact the exercise of discretion in the prosecution of potentially cumbersome proceedings upon multiple charges.
As suggested in Hoffman, and more recently in Strickland v. State, 437 So.2d 150 (Fla.1983), we certify as a question of great public importance the issue of the continued viability and applicability of the Paul ruling in this case.
Reversed.
THOMPSON, J., concurs.
BOOTH, J., dissents without opinion.

. In Paul, the Supreme Court adopted the dissenting opinion in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979).

. The Paul opinion notes, with regard to the charges ultimately denied consolidation, that “each of the three crimes was committed at approximately 5 a.m. on a Saturday morning on an upper floor of a girls’ dormitory; that the assailant waited for each victim inside or in the immediate vicinity of the dormitory shower room and that his threats and actions toward each victim bore significant similarities.

.Arguably, the two offenses alleged to have occurred on January 20, 1982, could be consolidated. We note, however, that the testimony of the victim indicates that the theft of the camera lens occurred several weeks before the theft of the binoculars.