453 So.2d 824 (1984)
STATE of Florida, Petitioner,
v.
Willie WILLIAMS, Respondent.
No. 64470.
Supreme Court of Florida.
July 26, 1984.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and Paula S. Saunders, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
PER CURIAM.
This cause is before us pursuant to a certified question of great public importance from the First District Court of Appeal. Williams v. State, 439 So.2d 1014 (Fla. 1st DCA 1983). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent was charged, in nine separate informations, with burglary and theft occurring on eight different days,[1] involving nine different victims, and, in two additional informations, with thefts involving the same victim on the same day. The state's motion to consolidate was granted without explanation. The jury found respondent guilty as charged.
The district court reversed on the authority of Paul v. State, 385 So.2d 1371 (Fla. 1980). In Paul, this Court adopted Judge Smith's dissent relating to Florida Rule of *825 Criminal Procedure 3.151[2] and the consolidation of related offenses. Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979) (Smith, J., dissenting). We held in Paul that consolidation is improper when "based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." 365 So.2d at 1065-66, adopted 385 So.2d at 1372. The purpose of requiring separate trials under these circumstances is "to assure that evidence adduced on one charge will not be misused to dispel doubts on the other... ." 365 So.2d at 1066, adopted 385 So.2d at 1372. The district court correctly concluded that the offenses charged in the present case that occurred on different days and involved separate episodes were not related under Paul for purposes of consolidation. Nonetheless, the district court certified as a question of great public importance the issue of "the continued viability and applicability of the Paul ruling in this case." Williams v. State, 439 So.2d at 1016. The district court was concerned that "strict adherence to Paul necessarily results in further imposition on our already overburdened trial courts." Id. at 1015-16. However, as we have previously stated,
[e]ven if consolidation is the "most practical and efficient method of processing" a case, practicality and efficiency should not outweigh a defendant's right to a fair trial. "The objective of fairly determining a defendant's innocence or guilt should have priority over the relevant considerations such as expense, efficiency, and convenience." Crum v. State, 398 So.2d 810, 811 (Fla. 1981)... . We emphasize that prejudice to the defendant will outweigh judicial economy.
State v. Vazquez, 419 So.2d 1088, 1091 (Fla. 1982) (footnotes omitted).
Paul continues to reflect the law in Florida. We have not receded from Paul, or amended rule 3.151 since our decision in Paul. The district court correctly held that Paul was applicable and mandated reversal in the present case, where there was the improper consolidation of at least the seven indictments charging offenses allegedly committed on different days, not involving connected acts or transactions, but involving merely the same defendant and similar circumstances.
The decision of the district court is approved.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS and ALDERMAN, JJ., dissent.
NOTES
[1] Two of the nine informations charged offenses occurring on December 14, 1981.
[2] Rule 3.151, in relevant part, provides as follows:

(a) For purposes of these Rules, two or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on two or more connected acts or transactions.
(b) Two or more indictments or informations charging related offenses shall be consolidated for trial on a timely motion by a defendant or by the state. The procedure thereafter shall be the same as if the prosecution were under a single indictment or information.