502 So.2d 979 (1987)
Terry Lamar BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. BD-86.
District Court of Appeal of Florida, First District.
February 11, 1987.
*980 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
ZEHMER, Judge.
The motion for rehearing filed by appellant is directed solely to our ruling on the severance issue.[1] We modify our opinion in part. In all other respects, the motion for rehearing is denied.[2]
First, Brown contends we misconstrued and misapplied Paul v. State, 385 So.2d 1371 (Fla. 1980). We recognize that Paul is factually distinguishable from this case, and only cited it as authority for the correct test to be applied in passing on a motion for severance of offenses. That test essentially requires that severance be granted unless the offenses are connected acts or transactions in an episodic sense. Further, Brown contends that we overlooked Jones v. State, 497 So.2d 1268 (Fla. 3d DCA 1986), in which the court found that charges of armed robbery and kidnapping of one victim and charges of first degree murder of another victim were based on similar but separate episodes and thus improperly joined. The facts were that on January 26, 1985, defendant Jones allegedly kidnapped Morrison, robbed him, and fled in Morrison's car. Three hours later Daugherty was killed, and two days later, while occupying Morrison's car, Jones was arrested on a charge of car theft. He was subsequently charged with the murder of Morrison. The court held it was error to deny Jones' motion for severance of the charges growing out of the criminal episode involving Morrison and that involving Daugherty, stating:
The supreme court held in State v. Williams, 453 So.2d 824, 825 (Fla. 1984) (citing Paul v. State, 365 So.2d 1063, 1065 (Fla. 1st DCA 1979) (Smith, J., dissenting)), "that consolidation [of offenses] is improper when `based on similar but separate episodes, separated in time, which are "connected" only by similar circumstances and the accused's alleged guilt in both and all instances.' 365 So.2d at 1065-66, adopted 385 So.2d at 1372." The supreme court's interpretation of Florida Rule of Crimanal Procedure 3.150(a) in both Williams and Paul mandates the severance of offenses and separate trials where, as here, the only connection between the two criminal episodes was the use of a stolen car and the accused's alleged participation. See McMullen v. State, 405 So.2d 479 (Fla. 3d DCA 1981); Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981); cf. Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982) (severance not required when two criminal acts take place in the same area within seconds of each other).
497 So.2d at 1272. We agree with the principles stated, but do not believe that our decision in this case is inconsistent with those principles.
Perhaps we should clarify the reasoning underlying our view of this case as involving a single episode such that severance was not mandated. While the temporal *981 connection of charged criminal acts is always relevant to the question of severance, it is not conclusive in and of itself. Two criminal acts by the defendant may occur within minutes of each other and yet constitute separate episodes; on the other hand, two or more criminal acts by defendant may occur on separate days and still be part of a single episode if sufficiently connected in terms of the victim and connected or related acts. Here, the two crimes charged against the defendant meet this test because the acts surrounding the burglary on Monday were directly connected by the evidence to the murder committed sometime during the following two days. Because the killing occurred shortly after the victim telephoned appellant and discussed his presence at the victim's house on the day of the burglary, it can be inferred that the burglary led directly to commission of the murder and was the motive. These facts are sufficient to show that, even though the acts occurred over a span of two days, the two offenses charged in this case involved connected acts or transactions in an episodic sense; therefore, there was no error permitting joinder of the offenses and denial of the motion for severance. See Warren v. State, 475 So.2d 1027 (Fla. 1st DCA 1985); Brown v. State, 468 So.2d 325 (Fla. 2d DCA), pet. for rev. denied, 476 So.2d 672 (Fla. 1985); Hamilton v. State, 458 So.2d 863 (Fla. 4th DCA 1984).
Brown also points out that in citing Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976), for the proposition that "appellant has not demonstrated that he was prejudiced by the failure to sever the offenses," we have seemingly placed a burden on defendant to demonstrate prejudice flowing from a failure to sever offenses and that we apparently overlooked that Abbott deals with severance of defendants, not counts, and is thus not on point. Brown is correct in this assertion, and we modify our opinion to delete the quoted clause and citation to Abbott. We recognize it has been held, as Brown asserts, that when offenses are improperly joined, upon proper motion, severance is mandatory and prejudice is conclusively presumed. Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981). In this case, however, the offenses were sufficiently connected and thus properly joined.
REHEARING DENIED.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] The motion was timely filed pursuant to our order granting appellant's motion to withdraw the mandate and republish the opinion because appellant did not timely receive a copy of our opinion filed October 31, 1986, 496 So.2d 961. See Gardner v. State, 375 So.2d 2 (Fla. 4th DCA 1979).
[2] We commend appellant's counsel for filing a motion for rehearing which fully comports with the requirements and purpose of rule 9.330, Florida Rules of Appellate Procedure. Concisely presenting important points without rearguing the case, the three-page motion serves as an excellent example of proper appellate procedure.