553 So.2d 785 (1989)
Paul T. HOXTER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1529.
District Court of Appeal of Florida, First District.
December 20, 1989.
Paul T. Hoxter, pro se.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Paul T. Hoxter appeals from judgment and sentence on five counts of third-degree felony grand theft, asserting that the trial court had erred in denying his motion for severance of the offenses, in admitting into evidence certain testimony and physical evidence, and in denying his motion for judgment of acquittal. We agree with appellant that the trial court should have severed the offenses, and we reverse and remand for separate trials on the five counts. We find no merit in the second issue and, because we reverse and remand, we find it unnecessary to address the final issue.
In a single, amended information, the State charged appellant with five counts of third-degree felony grand theft of real property. The offenses allegedly occurred on separate dates between December, 1986, and August, 1987, and involved different victims, who owned financially distressed residences in Jacksonville, Florida. In his motion for severance of the offenses, appellant asserted that severance was proper because each count pertained to a separate and distinct event, involved different homeowners and differed factually from each other; and, that the prejudice of combining the five counts in a single trial far outweighed any judicial economy. The State filed a notice of similar fact evidence asserting that, as to each of the victims, appellant made material misrepresentations concerning disposition of their property in order to induce execution of quitclaim deeds; once he acquired the deeds, he rented *786 their property to third parties, kept the rent proceeds and failed to apply any funds to stop pending foreclosures. The trial court denied the severance motion without explanation.
The Florida Rules of Criminal Procedure allow unification of offenses through two procedures: (1) joinder of two or more offenses as separate counts in a single indictment or information, pursuant to rule 3.150; and, (2) consolidation of multiple indictments or informations charging related offenses, pursuant to rule 3.151. Sharif v. State, 436 So.2d 420, 421 (Fla. 4th DCA 1983). In Paul v. State, 385 So.2d 1371 (Fla. 1980), the Florida Supreme Court partially adopted Judge Smith's dissent to Paul v. State, 365 So.2d 1063, 1065-67 (Fla. 1st DCA 1979), which stated that "... consolidation rule 3.151 and its counterpart, joinder rule 3.150, refer to `connected acts or transactions' in an episodic sense, ... the rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." Appellant contends that because the alleged offenses were committed at separate times and places and involved different victims, he was prejudiced by the trial court's failure to grant the severance, citing Paul and its progeny of caselaw interpreting the joinder and consolidation rules, including State v. Williams, 453 So.2d 824 (Fla. 1984).
In Williams, the defendant was charged, in nine separate informations, with burglary and theft of nine residences on nine different days. In two additional informations, he was charged with two other thefts, both of which occurred on the same day and involved the same victim. The state moved for consolidation, asserting that the offenses were part of an overall scheme, sharing common modus operandi, time and witnesses. The trial court granted the motion. This court reversed, holding that since the offenses occurred on different days and involved different witnesses, they were not related in the Paul sense. However, recognizing that "strict adherence to Paul necessarily results in further imposition on our already overburdened trial courts," this court certified, as a question of great public importance, the issue of whether Paul enjoyed continued viability and applicability in Florida law. The Florida Supreme Court affirmed, holding that Paul still reflected the proper application of the consolidation and joinder rules in Florida. 453 So.2d at 825.
In its answer brief, the State contends that the five offenses in the instant case were temporally and geographically connected, and that the nature of the offenses and the manner in which they were committed were identical in that the homeowners were cheated out of their property by the exact same scheme. Therefore, the trial court's denial of the severance motion was not an abuse of discretion, citing Warren v. State, 475 So.2d 1027 (Fla. 1st DCA 1985). In Warren, the defendant was charged, in a single indictment, with separate counts of child abuse on her son and daughter occurring several days apart. The trial court denied her motion to sever the offenses. This court held that, in determining whether offenses are connected acts or transactions for joinder purposes, the temporal and geographical association of the offenses, the nature of the offenses, and the manner in which they were committed, must be considered. 475 So.2d at 1031. In affirming the joinder of the offenses, this court found that the separate child abuse incidents were reasonably connected in the episodic sense in that they were part of an on-going pattern, involving one household, the same family members, a short time frame, and the same adult, primary custodial supervisor of the children. Id.
The facts in Warren are clearly distinguishable from the facts surrounding the grand theft offenses in the instant case, which occurred on separate dates over a eight month period and involved different victims. Under Paul, the instant offenses were unrelated in the episodic sense and, therefore, joinder was improper. See Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981) (defendant charged with two taxicab holdups occurring five days apart); McMullen v. State, 405 So.2d 479 (Fla. 3d *787 DCA 1981) (defendant charged with five similar robberies occurring within nine days of each other); Rubin v. State, 407 So.2d 961 (Fla. 4th DCA 1982) (defendant charged with eight counts of sexual battery perpetrated against four victims on three different occasions).
The judgments of conviction and sentences are REVERSED and the case REMANDED for separate trials.
SHIVERS, C.J., and SMITH, J., concur.