PER CURIAM.
This is an appeal by the defendant Michael Alexander from a judgment of conviction and sentence for aggravated battery with a firearm [§ 784.045(1)(a)(2), Fla.Stat. (1991)] which was entered below on an adverse jury verdict. We affirm in part and reverse in part.
Assuming, without deciding, that the trial court erred in whole or in part in denying the defendant’s bare-bones motion for severance of counts, Garcia v. State, 568 So.2d 896, 897-99 (Fla.1990); see also Boyd v. State, 578 So.2d 718 (Fla. 3d DCA), rev. denied, 581 So.2d 1310 (Fla.1991); Hoxter v. State, 553 So.2d 785 (Fla. 1st DCA 1989), we are convinced beyond a reasonable doubt that there is no reasonable possibility that the error, if any, contributed to the verdict, and, accordingly, the alleged error was entirely harmless. We reach this result because: (1) there was extremely weak or virtually no incriminating evidence adduced at trial by the state on the November 25 and December 5, 1991 criminal episodes, and, as a result, (a) the jury acquitted the defendant on the November 25 offenses, and (b) the trial court entered a judgment of acquittal at the close of the state’s case on the December 5 offenses and gave an appropriate cautionary instruction to the jury; and (2) the evidence of guilt on the aggravated battery conviction [a lesser offense of the attempted murder charge] on the September 24 criminal episode was overwhelming.[1] Livingston v. State, 565 So.2d 1288 (Fla.1988); Beltran v. State, 530 So.2d 1045 (Fla. 3d DCA 1988), approved, 566 So.2d 792 (Fla.1990).
Without dispute, however, the sentencing guidelines scoresheet was incorrectly calculated below so that the correct point total should have been 227, rather than 233. This means that the correct recommended guidelines range was 5V2-7 years imprisonment [rather than 7-9 years] and the correct permitted guidelines range was 4½-9 years [rather than 5V2-12 years]. Accordingly, the 12-year sentence imposed by the trial court exceeded the sentencing guidelines, and, therefore, must be reversed. We reject the state’s argument that the sentence was validly imposed under the habitual offender statute [§ 775.-084, Fla.Stat. (1991)], because the trial court exercised its discretion and expressly declined to sentence the defendant under such statute; the defendant was sentenced solely under the sentencing guidelines.
The final judgment of conviction under review is affirmed. The 12-year sentence under review is reversed and the cause is remanded to the trial court with directions to impose a proper sentence under the sentencing guidelines. In so doing, the trial court may consider, if appropriate, a departure from the sentencing guidelines based on the now-corrected guidelines scoresheet; the three-year mandatory minimum sentence for possession of a firearm must also be reimposed.
Affirmed in part; reversed in part.

. The jury also convicted the defendant as charged on the September 24 firearm charge, but the state later nolle prossed the case.