KLEIN, J.
Appellant was convicted of grand theft and attempted robbery, and argues that *1267 the trial court abused its discretion in denying his motion to sever the charges. We affirm.
The grand theft charge arose as a result of appellant’s taking a car from a used car lot. Appellant then drove the vehicle with a cohort to an insurance agency about ten minutes away, where the two of them attempted a robbery after requesting a quote for insurance on the vehicle. The attempted robbery did not produce anything worth taking, and they fled in the vehicle, which was found abandoned two months later.
Criminal charges can be consolidated for trial where they are based on the same act or transaction or on “2 or more connected acts or transactions.” Fla.R.Crim.P. 3.151(a)(b). Appellant moved to sever the two counts which were charged in the same information under rule 3.152(a), on the ground that they were not connected, which was denied.
Appellant relies on Paul v. State, 385 So.2d 1371 (Fla.1980); however, that case is distinguishable because it involved an attempted sexual battery on April 9 and a sexual battery on May 14, over a month later.
Livingston v. State, 565 So.2d 1288 (Fla.1988) affirmed consolidation where a defendant took a pistol in a burglary around noon and used the pistol in a robbery on the evening of the same day. During the robbery, he shot a convenience store employee who died several weeks later. The court concluded that it was proper to try all of the charges together because the pistol stolen at noon was used in the evening robbery and murder. We affirm this conviction based on Livingston.
Appellant also argues he should not have been ordered to pay restitution for repairing damage to the stolen vehicle because the state provided no evidence as to the cost of repair. We agree and reverse only for a redetermination of restitution.
WARNER and FARMER, JJ., concur.