PER CURIAM.
This is an appeal from a conviction for trafficking in cocaine. We affirm, holding that there was no error in denial of appellant’s motion for severance for trial separate from his co-defendant. McCray v. State, 416 So.2d 804 (Fla.1982). The Court’s language in O’Callaghan v. State, 429 So.2d 691, 694-695 (Fla.1983), succinctly responds to the arguments made here. We also hold that there was no error in denying appellant’s motion for judgment of acquittal.
The fact some of the evidence conflicted does not wipe out the evidence that tends to support the state’s charge, and render the evidence insufficient. See Abbott v. State, 334 So.2d 642, 647 (Fla. 3d DCA 1976), certiorari denied, 431 U.S. 968, 97 S.Ct. 2926, 53 L.Ed.2d 1064 (1977).
There was evidence here that appellant’s car was used to deliver the cocaine. Appellant was the driver; he got the bag out of the back seat area of his car and handed it to his co-defendant; he went into Mr. Bever’s house with his co-defendant, even though he hardly knew Mr. Bever. Appellant commented that the cocaine was of excellent quality; and he stayed at Bever’s to the bitter end of the transaction. These facts were sufficient to justify denial of judgment of acquittal. The jury had enough from which to determine whether he trafficked in cocaine when it was in his car, and when he got it out of his car and handed it to his co-defendant; and whether at the time he knew what was in the bag.
LETTS, GLICKSTEIN and DELL, JJ. concur.