ZEHMER, Judge.
Terry Lamar Brown appeals his convictions of first degree murder and burglary of a dwelling. He was charged with the July 13, 1983, premeditated killing of Rudolph Kinard and the July 11, 1983, burglary of Kinard’s dwelling. In August 1984 Brown filed an amended motion for severance of the two counts, alleging that join-der was improper and that severance was necessary to protect his rights to a fair trial by jury and due process. The motion was denied. Brown also filed a motion to suppress a series of statements obtained from him by law enforcement officials on July 14, 1983, alleging the statements were the result of an illegal arrest made without a warrant or probable cause. After an evidentiary hearing, the trial court denied Brown’s motion to suppress.
Brown proceeded to trial by jury. The state presented circumstantial evidence which established that on July 11, 1983, he burglarized a dwelling owned by Rudolph Kinard, stealing a .22-caliber firearm, and that two days later, on July 13, Brown shot and killed Kinard. Brown was found guilty of both counts and sentenced to life in prison on the murder charge and to fifteen years on the burglary charge.
Brown’s first point contends that the trial court’s denial of his motion to suppress violated his state and federal constitutional rights to due process of law and to be free from unreasonable searches and seizures. The trial court determined that Brown’s detainment for questioning required probable cause but that the evidence taken as a whole was sufficient to establish that the police could reasonably believe he had committed an offense. The ruling of the trial court is clothed with a presumption of correctness, and the evidence must be construed most favorably to uphold the court’s ruling. MacNamara v. State, 357 So.2d 410 (Fla.1978). The record contains sufficient evidence to support the court’s ruling. At the time of detention, the police knew a burglary had been committed and that Brown was a suspect. They knew that Brown was familiar with the victim’s house and gun rack from having occasionally worked for the victim and that clothing connected to Brown and found by Kinard at his home on the day of the burglary was subsequently missing from Kinard’s possession. The police also knew that, shortly before his body was discovered, Kinard had telephoned Brown and asked when he had returned to pick up his clothes. Based on these findings of fact, we find no error in the trial court’s denial of the motion to suppress.
Brown’s second point contends that the trial court erred in denying his amended motion for severance. Although the two offenses charged were of different character, they were sufficiently connected, in an episodic sense, to be joined in the same trial. Paul v. State, 385 So.2d 1371 (Fla.1980). In addition, appellant has not demonstrated that he was prejudiced by the failure to sever the offenses. Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 420 (Fla.1977), cert. denied, 431 U.S. 968, 97 S.Ct. 2926, 53 L.Ed.2d 1064 (1977).
AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.