357 So.2d 758 (1978)
STATE of Florida, Appellant,
v.
Robert Hugh HARRIS, Appellee.
No. 77-1896.
District Court of Appeal of Florida, Fourth District.
April 18, 1978.
*759 Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellant.
Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for appellee.
DOWNEY, Judge.
Appellee was arrested on March 20, 1977, for aggravated battery, interference with a police officer, aggravated assault, false imprisonment and reckless driving. Subsequently, appellee was charged in one information in the County Court of Orange County with resisting an officer without violence and in another information in the County Court of Orange County he was charged with reckless driving. Pursuant to appellee's motion, the two County Court cases were consolidated. On May 18, 1977, appellee pleaded guilty to the information for reckless driving and the court dismissed the information relating to resistance of a police officer.
On June 16, 1977, appellant filed an information in the circuit court against appellee charging him with aggravated assault. Appellee moved to dismiss that information pursuant to Fla.R.Crim.P. 3.151(c). The trial court's order granting said motion is the subject of this appeal.
Appellant contends the trial court erred in dismissing the information because the offenses charged in the several informations involved in this case were not "related offenses" as those terms are defined in Fla. R.Crim.P. 3.151(a). The reason they are not related appellant suggests is because they are not "triable in the same court." Appellee's position is that the offenses were triable in the same court even though some were misdemeanors and some felonies, pursuant to the authority of Fla.R.Crim.P. 3.150(a).
We agree with appellee that the offenses involved are "related offenses" within the definition of Rule 3.151(a). They are based upon the same act or transaction and they could have all been filed in one information and tried in the Circuit Court. However, the fact that they were related offenses did not justify a dismissal of the information in this case.
Paraphrasing subsection 3.151(c) (relied on by the trial court for dismissal) we find it provided that when a defendant has been tried on a charge of one of two or more related offenses the charge of every other related offense shall be dismissed on the defendant's motion unless certain conditions are met which are not applicable here. Subsection (d) provides that a defendant can plead guilty or nolo contendere to a charge of one offense on condition that other related offenses be dismissed, or that no charges on other related offenses be instituted.
As we will demonstrate hereafter by discussion of the rationale behind Fla.R. Crim.P. 3.151 and the commentary on the ABA Standards Relating to Joinder and Severance, Approved Draft, 1968[1], this case is controlled by subsection (d) of the Rule and not by subsection (c) as appellee contends and the trial court held.
The Commentary under ABA Standard 1.3, "Failure to join related offenses," states that the purpose behind a rule such as our Rule 3.151 is "to protect defendants from `successive prosecutions based upon essentially the same conduct.'" However, the Commentary points out that the Standard deals separately with cases in which 1) the defendant knows before the first trial that related offenses have been charged, 2) the case in which there is a subsequent attempt to try the defendant for a related offense not charged (or not known by the defendant to have been charged) prior to the first trial, and 3) the case in which there has been a prior plea of guilty or nolo contendere to a related offense.
*760 From the foregoing it is apparent that the thrust of subsections (c) and (d) are different. In order for a defendant to rely upon subsection (c) for dismissal of related charges he must first have been subjected to a trial of one of the related offenses.[2] If he pleads guilty or nolo contendere, he falls under subsection (d) and he is not entitled to a dismissal of related charges. As the Commentary states:
"Under the standard proposed here, the plea does not bar subsequent prosecution for a related offense. If the defendant knew that several related offenses were charged, he is of course free to request joinder under subsection (b) of the standard. If he does so but thereafter brings about a disposition as to one of the offenses charged by entry of a plea of guilty or nolo contendere, the defendant has in this way severed the offenses  as far as their disposition is concerned  and is in no position to complain about a subsequent trial of a related offense. Similarly, if he did not request a joinder but merely entered a guilty or nolo contendere plea as to one offense, he has no basis for complaint." ABA Standards Relating to Joinder and Severance, Approved Draft, 1968, pg. 25.
The Commentary recognizes that one might argue that consistency requires that a defendant who pleads guilty should be able also to obtain dismissal of the related charges. But having considered that contention they rejected it:
"Under subsection (c) of the standard, if a defendant is actually tried for one offense he may thereafter move for dismissal of a charge on a related offense if he was unaware of the charge (or there was no such charge) at the time of the first trial. For purposes of consistency, it might be suggested that a defendant who enters a plea of guilty or nolo contendere should likewise be in a position to later move for dismissal of a charge on a related offense if he was unaware of the charge (or there was no such charge) at the time of his plea. In the latter instance, the motion would then be granted unless it was shown that the prosecutor did not have sufficient evidence to warrant trying the second offense at the time of the earlier disposition or that for some other reason the ends of justice would be defeated if the motion were granted. This approach was rejected after careful consideration by the Advisory Committee because it was thought that it might sometimes give the defendant an unfair advantage. For example, a defendant charged with one offense would, in many jurisdictions, be in a position to enter a plea promptly after being charged and thus bar prosecution of other related offenses then being processed (e.g., awaiting grand jury action) by the prosecutor." (Emphasis supplied.) ABA Standards Relating to Joinder and Severance, Approved Draft, 1968, pg. 25.
In view of the foregoing, appellee's guilty plea to the information in the County Court misdemeanor prosecution did not entitle him to dismissal of the subsequently filed felony information in the Circuit Court. The time to make sure he was relieved of all pending charges and to preclude the filing of future charges on related offenses was while appellee was negotiating his plea to the County Court misdemeanor charges. As the ABA Commentary suggests, having pleaded guilty without such conditions, appellee effectively severed the related offenses and lost any possible benefit of the rule in that regard.
Accordingly, the order appealed from is reversed and the cause remanded with directions to reinstate the information and for further proceedings.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] The ABA Standards Relating to Joinder and Severance, Approved Draft, 1968, are specifically referred to in the Committee Notes to Fla.R.Crim.P. 3.150 and 3.151.
[2] Commentary to ABA Standards Relating to Joinder and Severance, Approved Draft, 1968, 1.3(c), page 23.