486 So.2d 67 (1986)
Dallas DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1976.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
*68 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Dixon, and Mark McLamore agreed in Fort Lauderdale to haul one hundred pounds of marijuana to Atlanta, Georgia. In pursuance of this agreement, on January 22, 1984, they loaded the trunk of a car with the marijuana and started up the Turnpike for Atlanta. However, in Martin County they were stopped and arrested by the Martin County Sheriff's Department. An information was filed charging Dixon with trafficking in marijuana. He was found guilty of the lesser included offense of possession of marijuana and sentenced to one year in the county jail, followed by four years' probation.
After the Martin County charges were filed, the state attorney in Broward County filed an information, which, in pertinent part, charged Dixon with conspiracy to traffic in marijuana. Dixon moved to dismiss the information filed in Broward County, after he was tried and convicted in Martin County, pursuant to Florida Rule of Criminal Procedure 3.151(c). That rule provides in part that, when a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion, with certain exceptions not relevant here.
Issue was joined on whether the two charges were based on the same act or transaction or on two or more connected acts. The trial court concluded they were separate and unrelated transactions and thus denied the motion to dismiss.
The conspiracy was hatched in Broward County and continued to be furthered as the coconspirators drove up the Turnpike, where they were arrested and convicted of possession of marijuana. On these facts we hold that the offenses herein can be characterized as involving "two or more connected acts or transactions" in an episodic sense, rather than involving only a mere similarity. As noted by appellant, although the conspiracy originated in Broward County, a continuing conspiracy exists until consummated, abandoned or otherwise terminated by some affirmative act. Epps v. State, 354 So.2d 441, 442 (Fla. 1st DCA 1978). Furthermore, we hold that the two charges in this case were triable in the same court. It has been held that "a *69 prosecution for a criminal conspiracy may be brought in the county where the unlawful combination is formed or in any county where the overt act is committed by any of the conspirators in furtherance of the unlawful confederacy." Suiero v. State, 248 So.2d 219, 224 (Fla. 4th DCA 1971). Thus, the possession of cannabis in Martin County (alleged to be for the purpose of trafficking) was an overt act in furtherance of the conspiracy to traffic in cannabis, and therefore both charges should have been brought in Martin County.
The purpose behind rule 3.151(c) is to allow the defendant a means to protect himself (by motion to dismiss) from multiple trials on charges of related offenses when he has already suffered a prior trial on a related offense. Author's Comment to Fla.R.Crim.P. 3.151(c), 33 Fla. Stat. Ann. 191 (1975). See also State v. Harris, 357 So.2d 758, 759 (Fla.4th DCA 1978) (the purpose behind the rule is "to protect defendants from `successive prosecutions based upon essentially the same conduct.'").
Since the two charges were related and connected in an episodic sense, and none of the exceptions to the rule existed, the trial court erred in denying Dixon's motion to dismiss. Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to vacate the judgment and sentence and to discharge appellant.
REVERSED AND REMANDED with directions.
DELL, J., and RIVKIND, LEONARD, Associate Judge, concur.