719 So.2d 938 (1998)
Allen Dion FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2840.
District Court of Appeal of Florida, First District.
September 17, 1998.
Rehearing Denied November 4, 1998.
*939 Nancy A. Daniels, Public Defender, David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Allen Dion Franklin, appeals from convictions for DUI manslaughter and leaving the scene of an accident resulting in injury. He argues that the trial court erred in denying his motion to dismiss the leavingthe-scene charge for a variety of reasons. First, he argues that Florida Rule of Criminal Procedure 3.151(c) required dismissal of the charge, because he had been previously tried and acquitted on a related offense. Second, he argues that leaving the scene of an accident is a single offense under section 316.027(1), Florida Statutes (Supp.1996), no matter how many victims are involved. Finally, he contends that the subsequent prosecution was barred by the doctrine of collateral estoppel. We agree that the conviction for leaving the scene of an accident must be reversed under both rule 3.151(c) and section 316.027; therefore, we decline to reach the collateral estoppel argument.
Appellant was charged by a second amended information with DUI manslaughter in violation of sections 316.193(1) and (3), Florida Statutes (Supp.1996), in connection with an automobile accident which occurred on August 2, 1996, in which James McWilliams was killed. A second count charged appellant with leaving the scene of an accident resulting in death of a person, McWilliams, contrary to section 316.027(1)(b), Florida Statutes (Supp.1996). At the conclusion of the April 11, 1997, trial, the jury returned a verdict of not guilty as to leaving the scene; however, it was unable to reach a decision on DUI manslaughter and a mistrial was declared.
Less than one month later, the state filed a third amended information; the first count reiterated the offense of DUI manslaughter of McWilliams, and the second that of leaving the scene of an accident resulting in injury to a person, Troy Craig, contrary to section 316.027(1)(a), Florida Statutes (Supp.1996).[1]
Appellant filed a motion to dismiss the second count of the information, arguing that the successive prosecution was prohibited under rule 3.151, that double jeopardy barred successive prosecutions for the same offense,[2] that section 316.027 only allows one charge for leaving the scene regardless of the number of people injured or killed, and that collateral estoppel precluded further prosecution. The trial court denied the motion. The jury subsequently returned a verdict finding appellant guilty as charged, and appellant was sentenced to 12 years in prison followed by five years of probation for the DUI manslaughter conviction, and to a concurrent term of five years in prison on the second count.
We reverse the leaving-the-scene conviction based on rule 3.151(c), which provides as follows:

*940 When a defendant has been tried on a charge of 1 of 2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.
The Fourth District examined all the provisions of rule 3.151 in State v. Harris, 357 So.2d 758 (Fla. 4th DCA 1978), and it noted that the purpose of the rule was to protect defendants from successive prosecutions based upon essentially the same conduct. Accord State v. Gibson, 682 So.2d 545, 547 (Fla.1996). In regard to subsection (c), the Fourth District commented that it applies to defendants who have been subjected to a trial on one of the related offenses. It pointed to the rule commentary under the ABA Standards Relating to Joinder and Severance, Approved Draft 1968, which stated that if the defendant is actually tried for one offense, the defendant may thereafter move for dismissal of a charge on a related offense if he or she was unaware of the charge or there was no such charge at the time of the first trial. Harris, 357 So.2d at 760.
This case fits squarely under rule 3.151(c). The arrest and booking reports and informations clearly show that appellant was unaware of the charge of leaving the scene of an accident involving injury until after the first trial when he was acquitted of leaving the scene of an accident resulting in death. There can be no argument that the charges are not "related offenses," because they arise from the same automobile accident and could be tried in the same court. See Fla. R.Crim. P. 3.151(a). Moreover, it is undisputed that appellant did not file a previous motion for consolidation; nor did he waive his right to consolidation, and there is no showing that the prosecution was unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense. See Fla. R.Crim. P. 3.151(c). Finally, although a mistrial was declared on the DUI manslaughter charge, appellant was nonetheless tried and acquitted on the leaving-the-scene charge; therefore, he was tried on a charge of one related offense. Id. Under the circumstances, the trial court erred in denying appellant's motion to dismiss under rule 3.151(c), and the conviction for leaving the scene must be reversed.
The conviction must also be reversed, because section 316.027 precludes multiple charges for leaving the scene of an accident, whether in the same proceeding or in a subsequent prosecution. In Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998), the Fourth District explained that although sections 316.027(1)(a) and (b) set forth separate provisions for leaving the scene of an accident resulting in injury and death, respectively, the offenses are actually different degrees of the same crime. Although the general rule is to convict for each crime committed in a criminal episode, an exception exists if the offenses are degrees of the same crime. See § 775.021(4)(b)(2), Fla. Stat. (1995). Moreover, the intended unit of prosecution under section 316.027 is each accident rather than each victim. Hardy, 705 So.2d at 980. See also Hoag v. State, 511 So.2d 401, 402 (Fla. 5th DCA 1987). Because section 316.027 did not intend multiple charges for leaving the scene of one accident, appellant's conviction for leaving the scene of an accident resulting in injury must be reversed on this ground as well.
Appellant's DUI manslaughter conviction is nevertheless affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED with directions to vacate appellant's conviction for leaving the scene of an accident and to resentence appellant with a revised scoresheet.
ERVIN, JOANOS and LAWRENCE, JJ., concur.
NOTES
[1] Craig was the driver of the automobile in which McWilliams had been a passenger.
[2] Appellant has failed to argue this theory on appeal.