COBB, J.
Fields was charged with first degree murder and burglary with an assault or battery while armed with a firearm. A jury acquitted Fields of the latter count but could not reach a verdict in respect to the murder count.
After the first trial the state filed an information charging Fields with second *93 degree murder and added a second count: carrying a concealed firearm. Fields moved to dismiss the second count. His motion was denied, and at a second trial he was convicted of both counts. The issue on appeal is whether the concealment charge should have been dismissed because of Fields’ prior acquittal of the related offense of burglary while armed with a firearm.
Florida Rule of Criminal Procedure 3.151(c) provides:
When a defendant has been tried on a charge of 1 of 2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant’s motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.
Fields relies on the opinion in Franklin v. State, 719 So.2d 938 (Fla. 1st DCA 1998). In that case the defendant was originally charged with DUI manslaughter and leaving the scene of an accident resulting in death. At his first trial, he was acquitted of the leaving-the-scene charge and the jury was unable to reach a verdict on the DUI manslaughter charge. The state subsequently filed an information charging the defendant with the reiterated charge DUI manslaughter and with the new charge of leaving the scene of an accident with injuries (in addition to a person being killed in the accident, another person was injured). The First District held that the trial court erred in failing to dismiss the charge of leaving the scene of an accident with injuries based on the authority of Florida Rule of Criminal Procedure 3.151(c). The court held:
This case fits squarely under rule 3.151(c). The arrest and booking reports and informations clearly show that appellant was unaware of the charges of leaving the scene of an accident involving injury until after the first trial when he was acquitted of leaving the scene of an accident resulting in death. There can be no argument that the charges are not “related offenses,” because they arise from the same automobile accident and could be tried in the same court. See Fla.R.Crim.P. 3.151(a). Moreover, it is undisputed that appellant did not file a previous motion for consolidation; nor did he waive his right to consolidation, and there is no showing that the prosecution was unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense. See Fla.R.Crim.P. 3.151(c).
Id. at 940. The Franklin court noted the Fourth District’s discussion of Rule 3.151 in State v. Harris, 357 So.2d 758 (Fla. 4th DCA 1978), including the fact that the purpose of the Rule is to protect defendants from successive prosecutions based upon essentially the same conduct. Franklin at 940; See Harris at 759.
We agree with Fields that this case fits squarely within the rule. Clearly, the concealment charge and the burglary while armed with a firearm are related offenses; no motion for consolidation or waiver is present here; and there has been no showing that the prosecution, by due diligence, was unable to obtain sufficient evidence to bring the concealment charge against Fields prior to the first trial. Indeed, there was testimony at that trial by a state witness in regard to such concealment.
We reverse the judgment and sentence in regard to the concealment count and remand for resentencing with a revised scoresheet.
REVERSED AND REMANDED.
DAUKSCH and GOSHORN, JJ., concur.