991 So.2d 918 (2008)
STATE of Florida, Appellant,
v.
Michael Anthony VARNUM, Appellee.
No. 4D07-1139.
District Court of Appeal of Florida, Fourth District.
August 6, 2008.
Rehearing Denied October 15, 2008.
*919 Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellant.
Paul Morris of the Law Offices of Paul Morris, P.A., Miami, and Robert J. Watson of Watson & Steele, Stuart, for appellee.
STEVENSON, J.
The State appeals an order dismissing a thirty-count information charging defendant, Michael Anthony Varnum, with one count of organized fraud and twenty-nine counts of grand theft against twenty-nine different victims. The trial court granted Varnum's motion to dismiss, pursuant to Florida Rule of Criminal Procedure 3.151(c), finding that the charged offenses are "related" to a grand theft and uttering a forged instrument offense for which Varnum was previously tried and acquitted. We reverse.
From June of 2002 through May of 2004, Varnum sold mobile and modular homes without a license in Okeechobee County. In a 2004 information that was amended in 2005, the State charged Varnum in two counts arising from a modular home sale transaction between Varnum and Donald Fair. According to the State's allegations, Fair had purchased a modular home from Varnum in November of 2003. Fair gave Varnum a deposit for the home and his lender paid the balance of the purchase price. Fair received the home; however, before the work was entirely complete, he received a call from Varnum asking for additional funds from Fair's bank loan. Fair disputed that he owed Varnum any additional funds, so he met with the bank and discovered that the purchase agreement had been modified in a manner that gave Varnum a larger payout from the bank than the parties had agreed. The State's information charged Varnum with one count of uttering a forged instrument and one count of third-degree grand theft. On April 5, 2005, following a bench trial, Varnum was acquitted of both charges.
Thirteen months later, on May 17, 2006, the State filed the present information, charging Varnum with one umbrella count of organized fraud under the Florida Communications Fraud Act, section 817.034(3)(d), Florida Statutes (2004), and twenty-nine counts of grand theft concerning twenty-nine separate victims. Fair is not a named victim on the 2006 information. The complained-of losses total over $940,000.[1]
In the case at bar, the State alleges that Varnum promised homes to twenty-nine *920 mobile and modular home customers and collected down payments from them ranging from $20,000 to over $70,000 per transaction. The basis for all twenty-nine counts is that Varnum allegedly promised to deliver mobile or modular homes to the customers, but instead he kept the money, or funneled it into his business, and did not place the work orders.
Varnum moved to dismiss the thirty counts as "related offenses" to the 2004 case, of which he was already tried and acquitted. He argued that the present charges "involve a connected series of transactions" that should have been tried along with the Fair case in 2004. At the hearing on the motion to dismiss, Varnum requested dismissal pursuant to Florida Rule of Criminal Procedure 3.151, which states in part:
Rule 3.151. Consolidation of Related Offenses
(a) Related Offenses. For purposes of these rules, 2 or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on 2 or more connected acts or transactions.
. . . .
(c) Dismissal of Related Offenses after Trial. When a defendant has been tried on a charge of 1 of 2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.
Fla. R.Crim. P. 3.151(a), (c).
Rule 3.151(c) is a mandatory joinder rule that, subject to the listed exceptions, compels a trial court to dismiss charged offenses that are so connected to those for which a defendant has already been tried that they could have been joined or consolidated in the original case.[2] "The purpose behind rule 3.151(c) is to allow the defendant a means to protect himself (by motion to dismiss) from multiple trials on charges of related offenses when he has already suffered a prior trial on a related offense." Dixon v. State, 486 So.2d 67, 69 (Fla. 4th DCA 1986) (citing Author's Comment to Fla. R.Crim. P. 3.151(c), 33 Fla. Stat. Ann. 191 (1975)). Dismissal under Rule 3.151(c) is rare and is required only where the offenses arise out of a single criminal episode. See, e.g., State v. Gibson, 682 So.2d 545, 547 (Fla. 1996) (holding that rule 3.151(c) required dismissal where State charged defendant with lesser included offenses after the defendant's conviction of attempted first-degree felony murder was vacated); Fields v. State, 743 So.2d 92 (Fla. 5th DCA 1999) (holding that rule 3.151(c) required dismissal of charge of carrying a concealed firearm where defendant had been acquitted of charge of burglary while armed with a firearm arising out of same facts); Franklin v. State, 719 So.2d 938 (Fla. 1st DCA 1998) (holding that rule 3.151(c) required dismissal of charge in DUI manslaughter case where defendant was acquitted of similar charge arising from the *921 same automobile accident); State v. Harris, 357 So.2d 758, 759 (Fla. 4th DCA 1978).
In Paul v. State, 385 So.2d 1371 (Fla.1980), the Florida Supreme Court established the "episodic" requirement for determining whether offenses are "related offenses" under the rules. Id. at 1372 (adopting in part Paul v. State, 365 So.2d 1063, 1065-66 (Fla. 1st DCA 1979) (Smith, J., dissenting)). As Judge Smith opined in the dissenting opinion adopted in part by the supreme court, "consolidation rule 3.151 and its counterpart, joinder rule 3.150, refer to `connected acts or transactions' in an episodic sense, and [ ] the rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." 365 So.2d at 1065-66. To aid in this inquiry, "[c]ourts may consider `the temporal and geographical association, the nature of the crimes, and the manner in which they were committed.' However, interests in practicality, efficiency, expense, convenience, and judicial economy, do not outweigh the defendant's right to a fair determination of guilt or innocence." Garcia v. State, 568 So.2d 896, 899 (Fla.1990) (quoting Bundy v. State, 455 So.2d 330, 345 (Fla.1984), and citing State v. Williams, 453 So.2d 824, 825 (Fla.1984) (holding that it was improper to consolidate nine separate informations charging burglary and theft occurring on eight different days)).
When we apply the standard enunciated in Paul to the present case, we conclude that the thirty new charges and those that were charged in the 2004 Fair case are not "related offenses" pursuant to rule 3.151.[3] Rather, the Fair case arose out of a similar but temporally separate episode, which is connected to this case only by similar circumstances and Varnum's alleged guilt in all instances. Furthermore, the nature and manner of the alleged offenses differ. In the Fair case, the State alleged that Varnum committed grand theft by forging a home purchase agreement to obtain an undue payout from the lender. By contrast, in the present case, the State alleges that Varnum committed grand theft by robbing unwitting purchasers of their down payments for homes that he promised but never delivered. We make no comment on whether the twenty-nine new charges of grand theft are related offenses to one another, for severance purposes, as that issue is not presently before this court.
Reversed.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] According to police reports, Varnum's company filed for chapter seven bankruptcy in May of 2004.
[2] We note that Florida courts apply the same standard for determining whether offenses are related under Florida Rules of Criminal Procedure 3.150 (joinder of offenses) and 3.151 (consolidation of related offenses). See Paul v. State, 365 So.2d at 1065-66; see also Sharif v. State, 436 So.2d 420, 422 (Fla. 4th DCA 1983) ("Although joinder and consolidation are achieved through different procedures, they share the same standards and safeguards.").
[3] With respect to the organized fraud count of the 2006 information, we find that it encompasses only the twenty-nine charges of grand theft included in the same information and that it does not, and cannot, apply to the offenses charged in the Fair case.