JAY, J.
Lindsey raises four issues in this direct appeal from his conviction and sentence for first-degree murder, burglary of a dwelling, and grand theft auto. We affirm in all respects and write only to address Lindsey’s argument that the trial court abused its discretion by denying his pretrial motion to sever the burglary charge from the murder and theft charges. Because there was a meaningful relationship between all of the charges, the trial court did not abuse its discretion in trying them together.
Florida Rule of Criminal Procedure 3.150(a) provides that “[t]wo or more offenses ... may be charged in the same indictment” when the offenses “are based on the same act or transaction or on [two] or more connected acts or transactions.” Fla. R. Crim. P. 3.150(a). If the indictments involve “related offenses” — i.e. “if they are triable in the same court and are based on the same act or transaction or on *1257 [two] or more connected acts or transactions” — they “shall be consolidated for trial on timely motion by a defendant or by the state.” Fla. R. Grim. P. 3.151(a)-(b) (emphasis added).
“[T]here must be a ‘meaningful relationship’ between or among the charges before they can be tried together.” Lugo v. State, 845 So.2d 74, 93 (Fla. 2003) (citation omitted). Practically speaking, a meaningful relationship requires that “ ‘the crimes in question must be linked in some significant way.’ ” Id. (citation omitted); see also Fletcher v. State, 168 So.3d 186, 202 (Fla. 2015). The state can establish the necessary connection by demonstrating (1) an uninterrupted crime spree or (2) a causal link irrespective of the passage of time. Ellis v. State, 622 So.2d 991, 1000 (Fla. 1993). In determining whether crimes are connected, “[c]ourts may consider whether the acts or transactions are temporally or geographically associated, the nature of the crimes, and the manner in which they are committed.” Fletcher, 168 So.3d at 202. “[E]ven where there is a significant lapse of time, if there is a causal link — one crime is used to induce the other — then consolidation is appropriate.” Id.
Because it may be difficult to determine whether separate crimes are factually related, the abuse of discretion standard applies to our review of a decision to consolidate or sever charges. Crossley v. State, 596 So.2d 447, 450 (Fla. 1992) (“We recognize that sometimes it is difficult to decide whether two separate crimes are related. For this reason, we have held that the standard of review for cases involving the consolidation or severance of charges is one of abuse of discretion.”).
Here, Lindsey claims that the trial court abused its discretion in denying his pretrial motion to sever the burglary charge because the alleged burglary occurred three days after the murder and the theft and involved an unrelated residence and an unconnected victim. However, contrary to Lindsey’s assertion, there was a meaningful relationship between the burglary, the murder, and the grand theft charges because (1) Lindsey was hiding in the burglarized residence to evade arrest for the murder and the grand theft charges; (2) bloody clothing worn by Lindsey on the night of the murder and theft was found inside the residence; (3) the stolen vehicle was found six-tenths of a mile from the burglarized residence; and (4) defense counsel conceded that the state could elicit testimony that the investigation took law enforcement to the residence, that they saw signs of forced entry, that law enforcement made contact with Lindsey inside the residence, and that they recovered evidence from the residence. Moreover, even though Lindsey argues that he was prejudiced by the presentation of the burglary charge to the jury, “some prejudice exists during any trial in which multiple offenses are tried together,” and, as recognized by the Florida Supreme Court, “this ‘garden variety’ [of] prejudice is not sufficient to justify [a] severance.” Fletcher, 168 So.3d at 203 (citation omitted).
Under these circumstances, the trial court did not abuse its discretion by denying Lindsey’s motion to sever. See id. (“After the murder, Fletcher stole her vehicle in a continued effort to avoid re-arrest.... The crimes were causally connected, and each crime committed subsequent to the escape cannot be fully understood without this context. These events were all part of a single and uninterrupted criminal spree, and occurred within a close temporal and geographic proximity. Accordingly, the crimes have a meaningful relationship, are linked in a significant way, and were properly consolidated.”); Fotopoulos v. State, 608 So.2d 784, 790 (Fla. 1992) (holding that *1258 the defendant’s motion for severance was properly denied where the charges of first-degree murder, attempted first-degree murder, solicitation to commit first-degree murder, conspiracy to commit first-degree murder, and burglary of a dwelling were clearly connected in an episodic sense and, even if there had been separate trials, evidence of each offense would have been admissible at trial of the other to show a common scheme and motive as well, as the entire context out of which the criminal action occurred); Cousin v. State, 859 So.2d 577, 579 (Pla. 5th DCA 2008) (holding that a sufficient causal link existed between the charges of carjacking, aggravated assault, attempted felony murder, and burglary of a dwelling where the first set of crimes gave the defendant a reason to flee and a motive for entering second victim’s house either to hide or lie in wait for a resident to return with a vehicle and the evidence of the first set of crimes would have been admissible in the trial on the second set of crimes).
AFFIRMED.
ROBERTS, C.J., and MAKAR, J„ CONCUR.