# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-555

_____

TREVOR AMOS BROWN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

July 9, 2018

WETHERELL, J.

Trevor Amos Brown appeals his conviction for use of a firearm during the commission of a felony in violation of section 790.07(2), Florida Statutes (2015). He argues that the trial court should have dismissed the charge pursuant to his motion under Florida Rule of Criminal Procedure 3.151(c). We agree and reverse.

I

This case stems from a drug deal gone bad. It is undisputed that Brown went to the victim's house to buy marijuana and that he shot the victim. However, the circumstances of the shooting were disputed. Brown claimed that he shot the victim in self-defense after the victim and another man attacked him and tried to rob him of the money that he brought to buy the marijuana. By

contrast, the victim claimed that Brown shot him during the foot chase that ensued after Brown took the satchel containing the marijuana without paying.

Brown was arrested for (1) armed robbery, (2) aggravated battery with a firearm, and (3) use of a firearm during the commission of a felony, but he was only charged with the first two offenses. Brown was not charged with the third offense because, according to the "No Prosecution with Charges" document filed by the prosecutor contemporaneously with the original information, that offense was "combined in counts 1 and 2." The case proceeded to trial at which the jury found Brown not guilty of armed robbery (and its lesser included offenses) and deadlocked on aggravated battery.

Shortly after the first trial, the State filed a second[1] amended information (re)charging Brown with aggravated battery with a firearm and adding a new charge of use of a firearm during the commission of a felony. The underlying felony for the latter charge was the attempted purchase of "20g or more" of marijuana, not the robbery or the aggravated battery.[2]

Brown filed a motion to dismiss the use-of-a-firearm count pursuant to rule 3.151(c) because that charge stemmed from the same criminal episode as the armed robbery charge for which he was acquitted in the first trial. The trial court denied the motion and the case proceeded to trial.

At the second trial, the jury found Brown guilty on the use-of-a-firearm count and deadlocked (again) on the aggravated battery count. The trial court adjudicated Brown guilty of use of a firearm

_____

[1] An amended information was filed prior to the first trial, but like the original information, it only charged Brown with armed robbery and aggravated battery with a firearm.

[2] The record does not explain why the drug transaction was not used as the underlying felony from the outset. However, the "No Prosecution with Charges" document implies that the prosecutor originally considered only the armed robbery or the aggravated battery to be the underlying felony.

2

during the commission of a felony and sentenced him to two years of community control followed by three years of probation. The State *nol prossed* the aggravated battery count.

This appeal followed.

## II

We review *de novo* Brown's claim that he was entitled to dismissal of the use-of-a-firearm count under rule 3.151(c). *See O'Leary v. State*, 109 So. 3d 874, 876 (Fla. 1st DCA 2013) ("We review a trial court's denial of a motion to dismiss under a *de novo* standard of review.").

Rule 3.151(c) provides:

> **(c) Dismissal of Related Offenses After Trial.** When a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless [1] a motion by the defendant for consolidation of the charges has been previously denied, or [2] unless the defendant has waived the right to consolidation, or [3] unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.

The rule is intended to "protect defendants from successive prosecutions based upon essentially the same conduct." *Franklin v. State*, 719 So. 2d 938, 940 (Fla. 1st DCA 1998); *see also Dixon v. State*, 486 So. 2d 67, 69 (Fla. 4th DCA 1986) ("The purpose behind rule 3.151(c) is to allow the defendant a means to protect himself (by motion to dismiss) from multiple trials on charges of related offenses when he has already suffered a prior trial on a related offense."). Offenses are "related" for purposes of the rule "if they are triable in the same court and are based on the same act or transaction or on 2 or more connected acts or transactions." Fla. R. Crim. P. 3.151(a). "The state can establish the necessary connection by demonstrating (1) an uninterrupted crime spree or (2) a causal link irrespective of the passage of time." *Lindsey v. State*, 220 So. 3d 1255, 1257 (Fla. 1st DCA 2017); *see also Paul v. State*, 385 So. 2d 1371, 1372 (Fla. 1980) (adopting Judge Smith's

3

dissent in *Paul v. State*, 365 So. 2d 1063 (Fla. 1st DCA 1979), which explained that rule 3.151 "refer[s] to 'connected acts or transactions' in an episodic sense" rather than charges that "are 'connected' only by similar circumstances and the accused's alleged guilt in both or all instances"); *State v. Varnum*, 991 So. 2d 918, 920 (Fla. 4th DCA 2008) ("Dismissal under Rule 3.151(c) . . . is required only where the offenses arise out of a single criminal episode.").

Here, as the prosecutor conceded at the hearing on the defendant's motion to dismiss,[3] the use-of-a-firearm count is "related" to the offenses that were the subject of the first trial because the offenses were inextricably intertwined and occurred during a single ten-minute criminal episode—the drug deal gone bad. The offenses could have been prosecuted in the same court, and none of the exceptions in rule 3.151(c) are present because Brown did not file a previous motion for consolidation, he did not waive his right to consolidation, and there is no showing that the prosecution was unable, by due diligence, to obtain sufficient evidence to charge the use-of-a-firearm offense at the outset. Thus, like *Franklin*, *supra*, this case fits squarely under rule 3.151(c).

Indeed, the circumstances of this case are materially indistinguishable from *Franklin*. There, as here, the defendant was charged with two offenses (DUI manslaughter and leaving the scene of an accident involving *death*) arising out of a single incident (a car accident); the defendant was acquitted on one of the counts (leaving the scene of an accident) and the jury deadlocked on the other count (DUI manslaughter); the defendant was subsequently recharged with the offense on which the jury deadlocked and he was also charged with a new offense stemming from the same incident (leaving the scene of an accident involving *injury*); and, after the defendant's motion to dismiss the new charge pursuant to rule 3.151(c) was denied, the defendant was convicted of the new charge. *Franklin*, 719 So. 2d at 939. On appeal, we reversed the defendant's conviction, explaining:

---

[3] The prosecutor stated: "Of course, it's related. We could not bring in another charge for something that's completely unrelated."

4

> This case fits squarely under rule 3.151(c). .... There can be no argument that the charges are not 'related offenses,' because they arise from the same automobile accident and could be tried in the same court. *See* Fla. R.Crim. P. 3.151(a). Moreover, it is undisputed that appellant did not file a previous motion for consolidation; nor did he waive his right to consolidation, and there is no showing that the prosecution was unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense. *See* Fla. R.Crim. P. 3.151(c). Finally, although a mistrial was declared on the DUI manslaughter charge, appellant was nonetheless tried and acquitted on the leaving-the-scene charge; therefore, he was tried on a charge of one related offense. *Id.* Under the circumstances, the trial court erred in denying appellant's motion to dismiss under rule 3.151(c), and the conviction for leaving the scene must be reversed.

*Id.* at 940; *see also Fields v. State*, 743 So. 2d 92 (Fla. 5th DCA 1999) (relying on *Franklin* to reverse conviction for carrying a concealed firearm charge that was based on the same incident for which the defendant was acquitted of assault or battery while armed). Accordingly, *Franklin* compels reversal of Brown's use-of-a-firearm conviction.

We have not overlooked the *Varnum* case relied on by the State, but we find that case distinguishable. The offenses at issue in *Varnum* arose out of entirely different real estate transactions that occurred over the course of a two-year period and involved different alleged victims. *See* 991 So. 2d at 919–20. The court held that the offenses were not "related" to the offenses for which the defendant was previously tried and acquitted because the offenses were committed in a different manner and arose out "temporally separate episode[s]" that were only connected by "similar circumstances and [the defendant]'s alleged guilt in all instances." *Id.* at 921. By contrast, here, the use-of-a-firearm count arose out of the exact same criminal episode as the robbery for which Brown was previously tried and acquitted.

III

In sum, because the use-of-a-firearm charge was "related" to the robbery offense for which Brown was previously tried and acquitted, the trial court erred in denying Brown's motion to dismiss that charge pursuant to rule 3.151(c). Accordingly, we reverse Brown's conviction and remand for entry of an order dismissing the use-of-a-firearm charge.

REVERSED and REMANDED with instructions.

RAY and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Kevin Steiger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.