# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-221
LT Case No. 16-2021-CF-008102-AXXX-MA

_____

AVERY DESEAN JAMES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

Jessica J. Yeary, Public Defender, and Megan Long, Special
Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Christina Piotrowski,
Assistant Attorney General, Tallahassee, for Appellee.

February 23, 2024

HARRIS, J.

    Avery James was observed by a law enforcement officer
walking in an area where two gunshots had been recently heard.
When the officer began following James in his patrol car, James
began to jog, then sprint away from the officer. Eventually James
stopped running and threw a firearm behind a nearby fence. He
was arrested and charged with Possession of a Firearm by a

Convicted Felon (count one), Possession of Cocaine while Armed (count two), Unlicensed Carrying a Concealed Firearm (count three), Discharging Firearm in Public (count four), and Resisting Officer Without Violence (count five). The State initially proceeded to trial on count one only. At trial, James stipulated that he was a convicted felon, leaving as the only issue remaining whether James possessed a firearm. At the conclusion of the trial, the jury found James not guilty.

Following his acquittal, James moved to dismiss the remaining counts pursuant to Florida Rule of Criminal Procedure 3.151(c), arguing that the offenses were related to count one, for which he was acquitted. The court held a hearing on the motion to dismiss, after which it dismissed counts three and four and allowed the State to proceed on simple possession of cocaine, a lesser-included offense (count two), and on count five. James pled guilty to counts two and five, reserving his right to appeal the court's order partially denying his motion to dismiss.

This Court reviews de novo James' claim that he was entitled to dismissal on counts two and five pursuant to rule 3.151(c). *Brown v. State*, 251 So. 3d 973, 975 (Fla. 1st DCA 2018) (reviewing de novo court's denial of motion to dismiss pursuant to rule 3.151(c)). In this appeal, James argues that because counts two and five were related offenses to count one, the trial court erred in partially denying his motion to dismiss. We agree.

Rule 3.151, provides in part:

Rule 3.151. Consolidation of Related Offenses

(a) Related Offenses. For purposes of these rules, 2 or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on 2 or more connected acts or transactions.

. . . .

(c) Dismissal of Related Offenses after Trial. When a defendant has been tried on a charge of 1 of 2 or more

2

related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.

Fla. R. Crim. P. 3.151(a), (c).

"The purpose behind rule 3.151(c) is to allow the defendant a means to protect himself (by motion to dismiss) from multiple trials on charges of related offenses when he has already suffered a prior trial on a related offense." *Dixon v. State*, 486 So. 2d 67, 69 (Fla. 4th DCA 1986). "Dismissal under Rule 3.151(c) is rare and is required only where the offenses arise out of a single criminal episode." *State v. Varnum*, 991 So. 2d 918, 920 (Fla. 4th DCA 2008). In *Paul v. State*, 385 So. 2d 1371, 1372 (Fla. 1980), our Supreme Court adopted Judge Smith's dissent below, which explained that rule 3.151 "refer[s] to 'connected acts or transactions' in an episodic sense" rather than charges that "are 'connected' only by similar circumstances and the accused's alleged guilt in both or all instances." "To aid in this inquiry, "[c]ourts may consider 'the temporal and geographical association, the nature of the crimes, and the manner in which they were committed.'" *Varnum*, 991 So. 2d at 921 (quoting *Garcia v. State*, 568 So. 2d 896, 899 (Fla. 1990)).

We find that the trial court erred in allowing the State to proceed on the reduced charge of possession of cocaine and on the resisting an officer without violence charge. In addition to the firearm-related charges, we agree with James that these two counts should have been dismissed as well. All counts were charged in the same information, triable in the same court, and were based on two or more connected acts or transactions. The events were connected episodically, temporally and geographically, and under rule 3.151(c), James was entitled to a dismissal of all remaining counts following his acquittal on count one.

REVERSED and REMANDED with instructions to dismiss all charges that remained following James' trial.

WALLIS and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____